UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

H. Richard Austin

v.                                        Case No. 22-cv-330-SE
                                          Opinion No. 2023 DNH 053

Hanover Insurance Company

O R D E R

In 1993, a house fire destroyed plaintiff Richard Austin's home. Austin filed a claim with his insurer, defendant Hanover Insurance Company, which denied coverage after concluding that Austin started the fire. Austin challenged that denial in court and a jury found in Hanover's favor.

Over the next three decades and despite several warnings and admonitions from courts in various jurisdictions, Austin has filed lawsuit after lawsuit challenging Hanover's conduct relating to its denial of coverage and during the ensuing trial. He has never been successful. Courts across the country have ordered him to refrain from filing future lawsuits arising out of the same subject matter absent leave of court and have assessed sanctions against him.

Undeterred, Austin, proceeding pro se, filed the instant suit, which again challenges Hanover's same conduct. Hanover moves to dismiss the complaint based on res judicata, the statute of limitations, and forum non conveniens. Doc. no. 17. Austin objects.

For reasons cited by other courts in the many orders
dismissing Austin's prior suits, the court grants Hanover's
motion to dismiss. The court further grants Hanover leave to
file a motion for an award of attorneys' fees as a sanction, an
order restricting future filings, or both.

## Standard of Review

To overcome a motion to dismiss under Rule 12(b)(6), the
plaintiff must make factual allegations sufficient to "state a
claim to relief that is plausible on its face." Ashcroft v.
Iqbal, 556 U.S. 662, 678 (2009) (quotation omitted). Under this
plausibility standard, the plaintiff must plead "factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged." Id. This
pleading requirement demands "more than a sheer possibility that
[the] defendant has acted unlawfully," or "facts that are merely
consistent with [the] defendant's liability." Id. (quotation
omitted). Although the complaint need not set forth detailed
factual allegations, it must provide "more than an unadorned,
the-defendant-unlawfully-harmed-me accusation." Id.

In deciding a motion to dismiss, the court accepts as true
the non-conclusory factual allegations in the complaint and
resolves reasonable inferences in favor of the nonmoving party.
Doe v. Stonehill College, Inc., 55 F.4th 302, 316 (1st Cir.

2

2022). The court "may also consider facts subject to judicial notice, implications from documents incorporated into the complaint, and concessions in the complainant's response to the motion to dismiss." Breiding v. Eversource Energy, 939 F.3d 47, 49 (1st Cir. 2019) (quotation omitted). When the plaintiff is a pro se litigant, the court construes his complaint liberally. Boivin v. Black, 225 F.3d 36, 43 (1st Cir. 2000).

Background

After Hanover denied Austin's insurance claim arising out of a November 12, 1993 fire that destroyed his house, Austin brought suit seeking coverage for damage caused by the fire. Hanover argued at trial that its investigation revealed that Austin had set the fire that destroyed his house, and the jury returned a verdict in Hanover's favor. Austin v. Hanover Ins. Co., 95-cv-170-JGM (D. Vt. judgment Aug. 1, 1997).[1] Austin appealed to the Second Circuit Court of Appeals, which affirmed the judgment. Austin v. Hanover Ins. Co., No. 97-9069, 1998 WL 801885 (2d Cir. Nov. 12, 1998).

Thereafter, Austin filed multiple suits and appeals against Hanover and related entities, challenging the District of Vermont verdict against him and asserting fraudulent misconduct

---

[1] Austin filed the case in St. Louis, Missouri in September 1994, but the case was later moved to the District of Vermont.

by the defendants. All of Austin's suits and appeals have resulted in favorable outcomes for Hanover and the related entities.[2] See Austin v. Hanover Ins. Co., No. 4:16-CV-01491-JAR, 2017 WL 3128907, at *1-*2 (E.D. Mo. July 24, 2017) (providing background on seven cases filed prior to the case in the Eastern District of Missouri); see also doc. no. 17-1 at 2-12. Several of the orders dismissing Austin's suits have concluded that his claims are barred by the principle of res judicata. Austin v. Douglas G. Peterson & Assocs., Inc., No. 5:13-CV-877-BO, 2014 WL 1891419, at *2 (E.D.N.C. May 12, 2014) (noting that "every court to have considered the issues raised by plaintiff relating to fraud and collusion regarding the scientific evidence presented at his jury trial against his insurer has found the claims to be precluded by the doctrines of res judicata and or collateral estoppel"), aff'd sub nom. Austin v. Douglas G. Peterson & Assocs., 584 F. App'x 177 (4th Cir. 2014).

    In 2020, Austin filed another action against Hanover arising out of the 1993 fire in the United States District Court for the District of Massachusetts. See Austin v. Hanover Ins. Co., 20-cv-30080-MAP (D. Mass. June 5, 2020). The court dismissed the case sua sponte because Austin had not complied with the restrictive order issued in a previous case he brought

---

[2] Hanover represents that this is Austin's 13th case on the same or substantially the same issues.

in that district, <u>Austin v. Peterson</u>, 12-cv-30109-MAP (D. Mass. July 3, 2012), which required him to file a petition seeking leave to make filings against the defendants that related to the 1993 house fire. The First Circuit Court of Appeals affirmed the dismissal. <u>Id.</u>, dkt. nos. 8 & 9.

Austin subsequently filed the instant suit, alleging three claims against Hanover. In Count I, he alleges that Hanover, its counsel, and others acted improperly in changing the venue of the initial suit to the District of Vermont and engaged in other misconduct in that trial. In Count II, he alleges that he obtained evidence after the conclusion of the trial that shows that Hanover's evidence of arson was not valid, and he argues that Hanover wrongly represented in subsequent cases that those issues were tried in the original case. In Count III, he raises a due process claim based on alleged misconduct by Hanover, which he characterizes as a "fraud on the court."

Discussion

Hanover moves to dismiss the complaint on the grounds that the claims are barred by res judicata due to the judgment against Austin in the initial case in the District of Vermont, on appeal, and rulings from other courts in his subsequent lawsuits. Alternatively, Hanover contends that the claims are barred by the statute of limitations and that the court should

5

dismiss them because New Hampshire is a forum non conveniens. In response, Austin argues that his claims should not be barred because the defendants' res judicata argument is and has always been a fraudulent scheme to prevent courts from considering his evidence of the defendants' misconduct in the initial case. In other words, Austin contends that his claims in this case relate to how Hanover's and other defendants' conduct, both in the initial trial and subsequent litigation, prevented him from presenting evidence and constitute a fraud on the court.

## I. Res Judicata

"Under federal law, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 16 (1st Cir. 2003) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)). "Thus, the elements of a res judicata defense are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions." Id.

Austin acknowledges that courts in his prior cases have dismissed his claims alleging the same misconduct by the defendants based on res judicata. He argues, however, that res

judicata does not apply to his claims filed here because his due process claim in Count III is relatively new, having only been raised in his complaint filed in 2020 in the District of Massachusetts. He argues that because neither that court nor the First Circuit considered his claims on the merits, the due process claim cannot be barred by res judicata. He is mistaken.

Austin has raised the same allegations regarding Hanover's supposed misconduct in the plethora of other cases he has brought, beginning with the initial litigation in Vermont. Austin's attempt to avoid the application of res judicata by labeling one of his claims an alleged due process violation does not change the fact that he has alleged the same misconduct by Hanover and the related defendants for many years and in many cases. As such, to the extent that the allegations of misconduct would support a claim for violation of his right to due process, that claim could have been brought in any of his prior suits and is now barred.

Austin has also unsuccessfully raised the specific allegations underpinning the due process claim in other cases. In 2001, the Second Circuit affirmed a District of Vermont decision dismissing Austin's claims that, among other things, he has "demonstrated 'fraud upon the court' and therefore the judgment against him should not be enforced," and "res judicata was inapplicable to his case since 'different facts are now

before the court' and the judgment against him was not on the
merits since the defendants fraudulently withheld information
from the jury." Austin v. Hanover Insurance Co., et al., 14 F.
App'x 109, 110 (2d Cir. July 13, 2001), cert. denied, 534 U.S.
954 (2001). In 2008, Austin filed a claim against related
defendants in Massachusetts in which he asserted that he had
been deprived of "a 'full and fair opportunity' to assert his
right to Due Process." Austin v. Douglas G. Peterson & Assoc.,
No. 08-30128-MAP, dkt. no. 22. His claims were dismissed. Id.,
2008 WL 5070612, at *1-2 (D. Mass. Nov. 18, 2008). For those
reasons, Austin's claims in this case are barred by res
judicata.

Moreover, the claims, which rely entirely on allegations
concerning conduct that occurred roughly thirty years ago,
cannot survive Hanover's challenge under the applicable statute
of limitations. See RSA 508:4 (three-year statute of limitations
for breach of contract and fraud in New Hampshire); 12 V.S.A. §
511 (six-year statute of limitations for breach of contract and
fraud in Vermont); Fincher v. Town of Brookline, 26 F.4th 479,
485 (1st Cir. 2022) ("The limitation period applicable to a §
1983 claim is to be found in the general personal injury statute
of the jurisdiction in which the claim arises." (quotation and
alteration omitted)).

II. <u>Sanctions</u>

In 2012, the court in the District of Massachusetts sua sponte dismissed Austin's complaint alleging claims arising out of the 1993 fire and subsequent litigation. <u>See</u> <u>Austin v. Peterson</u>, 12-cv-30109-MAP (D. Mass. July 3, 2012), dkt. nos. 6 & 7. Austin appealed the judgment, and the First Circuit Court of Appeals affirmed, stating: "Further, appellant is placed on notice that future frivolous or vexatious litigation will expose him to the imposition of penalties, such as monetary sanctions and filing injunctions." <u>Id.</u>, dkt. no. 12.

Hanover notes Austin's decades-long history of bringing unsuccessful litigation against it and related entities that arises from his dissatisfaction with the 1997 verdict against him in the District of Vermont. Because of that conduct and the lack of merit in Austin's current claims, Hanover seeks an award of attorneys' fees. Hanover is granted leave to file a motion for an award of fees that shall be supported by appropriate affidavits and billing records. Austin will have an opportunity to respond.

Consistent with the terms of the standing order imposed against Austin in the District of Massachusetts, Austin is enjoined from filing any action in the District of New Hampshire asserting claims or facts relating directly or indirectly to the 1993 house fire absent first filing a written petition seeking

9

leave to do so. The petition must contain a copy of this order, together with the papers he seeks to file, and a certification under oath that there is a good-faith basis for their filing. The Clerk of Court shall docket any new action by Austin into a master miscellaneous file and present it to a judge of this court for review to determine whether the filing complies with the terms of this injunction.

If Austin fails to comply with these terms, he will be subject to monetary penalties.


## Conclusion

For the foregoing reasons, the defendant's motion to dismiss (document no. 17) is granted.

If Hanover seeks an award of attorneys' fees in this case or the imposition of a restrictive order, or both, it shall file a motion for that relief, supported by affidavits and billing records, **within 14 days from the date of this order.** Austin will then have **14 days to respond to the motion.**

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

May 9, 2023
cc: H. Richard Austin, pro se.
    Counsel of record.